[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2165

 LUISA SOTO-RIVERA,

 Plaintiffs, Appellants,

 v.

 DOMINISA SANTIAGO-GUADARRAMA, IN HER PERSONAL AND
 OFFICIAL CAPACITY, AS SCHOOL SUPERINTENDENT, RIO
 PIEDRAS I DISTRICT,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Luisa Soto-Rivera on brief pro se.
 Carlos Lugo Fiol, Solicitor General, Edda Serrano Blasini,
Deputy Solicitor General, and Leticia Casalduc-Rabell, Assistant
Solicitor General, on brief for appellees.

October 5, 1999

 Per Curiam. Plaintiffs were warned in two
court orders that a failure to clarify their claims of
political discrimination could lead to a dismissal of their
complaint with prejudice. They also were directed to attend
the initial scheduling conference through a representative who
was prepared to explain the complaint. Although two amended
complaints were filed, the allegations against each defendant
remained too vague and ambiguous to enable the defendants to
file meaningful answers. The attorney who appeared for
plaintiffs at the pretrial conference was not prepared to
explain their claims, and the response to defendants' motion
to dismiss indicated that there would be no further
clarification.
 Under the circumstances (1) we see no abuse of
discretion nor other error in the dismissal with prejudice of
the federal claims against the defendants in their individual
capacities, and the dismissal of the supplemental state-law
claims without prejudice for want of jurisdiction. We also see
(2) no basis for objection to the dismissal of the official
capacity claims since plaintiffs conceded the ground for
dismissal below, and (3) no prejudice to plaintiffs from the
earlier decision that a proposed claim under the Americans with
Disabilities Act could not be properly joined in this action. 
 We do not reach defendants' argument for a
"heightened pleading" standard, since this complaint was
properly dismissed for failure to comply with two court orders. 
Cf. Judge v. Lowell, 160 F.3d 67, 73 (1st Cir. 1998) (holding
that to protect the policies underlying the doctrine of
qualified immunity a trial court may exercise its discretion to
require specificity in the pleading of the element of intent). 
 The judgment is affirmed.